**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| SCENTSIBLE, LLC d/b/a POO~POURRI | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. _____ JURY TRIAL DEMANDED |
| PRELAM ENTERPRISES LTD. | § § § § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Scentsible, LLC d/b/a Poo~Pourri ("Poo~Pourri") files its Original Complaint against Prelam Enterprises Ltd. ("Prelam").

## PRELIMINARY STATEMENT

Poo~Pourri is an industry leading creator of a toilet deodorizing line of products (the "Poo~Pourri Products") that has enjoyed meteoric commercial and public recognition since the company's formation in 2006. In 2013, Poo~Pourri released a video called "Girls Don't Poop" which propelled the success of the company. That video has now been viewed over 37 million times on YouTube. Defendant has introduced a competing line of products under its primary name Poopee Chic and markets it using trademarks that are confusingly similar to Poo~Pourri trademarks. Such blatant infringement of Poo~Pourri's trademarks and copying of its advertising materials constitutes trademark infringement, unfair competition, and dilution in violation of the LANHAM ACT and Texas law.

## PARTIES

1. Plaintiff Poo~Pourri is a limited liability company organized under the laws of the State of Texas with its principal place of business at 4901 Keller Springs, Suite 106D, Addison, Texas, 75001.

2. Defendant Prelam Enterprises Ltd. is a Canadian limited company. Upon information and belief, Defendant's principal place of business is located at 300 Baig Blvd., Suite C4, Moncton, New Brunswick, E1e1c8, Canada, and Defendant may be served in accordance with The Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents.

## JURISDICTION AND VENUE

4. This action arises under the Trademark Laws of the United States, 15 U.S.C. §§ 1051, *et seq*. Accordingly, this Court has federal question jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), and 1338(b), and 15 U.S.C. § 1121 for the claims arising under the LANHAM ACT. The Court has original jurisdiction over the state law claims in this action under 28 U.S.C. § 1367(a) and the principles of supplemental jurisdiction.

5. This Court has personal jurisdiction over Prelam Enterprises Ltd. Defendant does business in the United States, including in Texas, and it has knowingly and intentionally sold its products in connection with infringing trademarks within the State of Texas. Defendant was aware that Poo-Pourri is a Texas company and knowingly infringed and interfered with Poo-Pourri's intellectual property. Defendant thus intentionally aimed its tortious conduct at the State of Texas, knowing that Poo-Pourri would feel its effects there. Venue is proper under 28 U.S.C. §§ 1391(b) and (c).

## FACTS

6. Poo~Pourri is an award winning innovator in the toilet deodorizing industry. In 2006, the founder, Suzanne (Suzy) Batiz, invented her first toilet deodorizing product, in what came to be called the Poo~Pourri line of products, in her kitchen (the "Poo~Pourri Products"). She developed a proprietary formula made up of a blend of essential oils that creates a protective barrier or film on the water's surface. This barrier is designed to keep unpleasant bathroom odors from coming into contact with the air.

7. Poo~Pourri is well-known for its extensive and novel use of the term "POO" for its products and in its advertising. Among others, Poo~Pourri owns registrations for the marks POO POURRI (U.S. Registration No. 3428805), DEJA POO (U.S. Registration No. 3911769), POO LA LA (U.S. Registration No. 4380339), POO-TONIUM (U.S. Registration No. 4539943), POO POURRI SANTA POO (U.S. Registration No. 4443627), POWER TOOLS FOR THE POO GENERATION (U.S. Registration No. 4447955), and POO-POURRI NO. 2 (U.S. Registration No. 4551313).

8. Poo~Pourri is the owner of a number of other federally registered trademarks, reflecting the similar scatological humor as with the aforementioned POO marks, including KING OF THE THRONE, (U.S. Registration No. 4286033); LOO POURRI, (U.S. Registration No. 3962564); POO POURRI KING OF THE THRONE, (U.S. Registration No. 4426602); POO POURRI QUEEN OF THE THRONE, (U.S. Registration No. 4426603); QUEEN OF THE THRONE, (U.S. Registration No. 4286039); ROYAL FLUSH BY POO-POURRI, (U.S. Registration No. 3675070); POOPOURRI DOODY FREE, (U.S. Registration No. 4165889); POO-POURRI SUPER DOOPER POOPER, (U.S. Registration No. 4419182); POO-POURRI NO. 2, (U.S. Registration No. 4551313); POO-POURRI LITTLE STINKER, (U.S. Registration

No. 4297490); POO-POURRI DAISY DOO, (U.S. Registration No. 4297471); POO-POURRI CALL OF THE WILD, (U.S. Registration No. 4332653); POO-POURRI PARTY POOPER, (U.S. Registration No. 4539945); NO. 2 BY POO-POURRI, (U.S. Registration No. 3660576); IS IT REAL OR IS IT DEJA POO? (U.S. Registration No. 4443626); HEAVY DOODY, (U.S. Registration No. 4286274); CRAP SHOOTER, (U.S. Registration No. 4210952); BIG DUMP, (U.S. Registration No. 4336166); SPRAY THE LOO BEFORE NO. 2 AND NO ONE WILL EVER HAVE A CLUE, (U.S. Registration No. 4438852); WHEN THE GLASSES CLINK, DON'T RUIN THE PARTY WITH A STINK, (U.S. Registration No. 4539946); and, the POO-POURRI Design Marks, (U.S. Registration No. 3576912 and U.S. Registration No. 3678445).

9. In addition, Poo-Pourri is the owner of federally registered trademarks for its distinctive taglines, including SPRITZ THE BOWL BEFORE YOU GO AND NO ONE ELSE WILL EVER KNOW (U.S. Registration 4554808); SPRITZ THE BOWL BEFORE YOU DOO. . . FRESH AS DAISIES WHEN YOU'RE THROUGH! (U.S. Registration 4500612); POO POURRI SPRITZ THE BOWL BEFORE YOU GO AND NO ONE ELSE WILL EVER KNOW & Design (U.S. Registration 3576912); and POO-POURRI HEAVENSCENT SPRITZ THE BOWL BEFORE YOU GO AND NO ONE LESE WILL EVER KNOW & Design (U.S. Registration 3678445) (collectively with the registrations listed in paragraphs 11 and 12, the "Poo~Pourri Marks").

10. Poo~Pourri uses the Poo~Pourri Marks extensively on its website, in its marketing and advertising materials, and on its product labels. Poo-Pourri uses the terms NEW TO POO, GETTING TO KNOW POO, and TRIED & TRUE POO for various product package names. On its website (www.poopourri.com), for example, Poo~Pourri includes an entire page called "The story of Poo" as well as "Frequently asked Q's about Poo" which contains a section

called "General Poo." On the section for "Careers," Poo~Pourri advertises job listings using the phrase "Join the Poo Crew!" As a result of Poo~Pourri's extensive use and promotion of "POO" for its products, the term "POO" is widely associated with Poo~Pourri and the POO mark is famous and well-known.

11. The Poo~Pourri Marks are famous, well-recognized, inherently distinctive, and/or have acquired distinctiveness long prior to Defendant's use and entrance into the market in connection with its competing products. The goodwill associated with the Poo~Pourri Marks is a valuable asset to Poo~Pourri. Poo~Pourri has expended great effort and considerable resources in promoting its Products using the Poo~Pourri Marks.

12. As a result of this widespread and continuous use and promotion, the Poo~Pourri Marks have become widely associated with Poo~Pourri; the Poo~Pourri Marks identify Poo~Pourri as the source of the goods offered and represent the valuable goodwill of Poo~Pourri among members of the relevant consuming public. Indeed, fourteen of Poo-Pourri's award-winning products have been recognized by the Good Housekeeping Institute earning the internationally respected Good Housekeeping Seal. Since 1909, this designation has given consumers peace of mind as a testament to a product's quality and is awarded only to goods that have passed rigorous review and laboratory testing.

13. Long after Poo~Pourri began use of one or more of the Poo~Pourri Marks , Defendant filed applications with the United States Patent and Trademark Office to register the marks POOPEE CHIC, Serial No. 86/396571, and BEFORE YOU POOP, Serial No. 86/254397, in International Class 5 for air freshening preparations and odor neutralizers. Upon information and belief, Defendant launched its Poopee Chic line of toilet deodorizer products in Canada in or about 2014 under the names POOPEE CHIC, CARIPOO, OH CRAP, DROPPIN'THE DEUCE,

POO EH!, CRAPPER ROYALE, CRAP OPS and POOPING BAD. Upon information and belief, Defendant recently expanded its line to include products called LOVE AT FIRST POO, POOPAWAY!, STINKY POO, DOODY TRAP, THAT POOP STUFF, and TURD DEGREE MURDER. Defendant markets its products to consumers in the United States on its website at <poopeechic.com> where it allows consumers to purchase the products.

14. Defendant also uses the tagline "Spray in the Bowl Before You Go . . ." on its Poopee Chic product labels, and has more recently begun extensively using the term "Poo" on its products and website. For instance, it uses "Pootique" for its online retail store, as well as "Poomunity" for its social media pages.

15. Defendant's use of the term "Poo," its product names in the Poopee Chic line of toilet deodorizers, and the tagline "Spray in the Bowl Before You Go . . ." are likely to confuse consumers into believing that their products are made by, sponsored by, connected with, endorsed by or otherwise affiliated with Poo~Pourri, as well as diluting the strength of Poo~Pourri's famous, widely recognized, and distinctive Marks. This use will substantially harm Poo~Pourri's reputation for quality products. Defendant's willful and deceitful acts have and will continue to cause irreparable harm to Poo~Pourri and its Poo~Pourri Marks.

## COUNT ONE
## FEDERAL TRADEMARK INFRINGEMENT

16. Poo~Pourri re-alleges all of the foregoing facts and allegations. Defendant's conduct described above constitutes trademark infringement under the LANHAM ACT, 15 U.S.C. § 1114(1).

17. The acts of Defendant, as set forth above, constitute use in interstate commerce of reproductions, copies, and/or colorable imitations of the Poo~Pourri Marks through its use of the similar marks on similar products being sold through similar channels of trade. Further,

Defendant's use of marks that are confusingly similar to Poo~Pourri's federally registered Marks in connection with similar goods, within this judicial district and elsewhere, is likely to cause confusion, cause mistake, and to deceive as to the affiliation, connection, and association of Poo~Pourri with Defendant.

18. Further, the activities of Defendant are intended to, and are likely to, lead the public to conclude, incorrectly, that the infringing uses of the Marks described in this Complaint that are authorized by Poo~Pourri to the damage and harm of Poo~Pourri. Defendant's activities constitute deliberate infringement of the Poo~Pourri Marks in violation of the LANHAM TRADEMARK ACT, including, but not limited to, 15 U.S.C. § 1114(1), entitling Poo~Pourri to damages.

19. As a result of Defendant's activities, Defendant has caused and will continue to cause irreparable harm to Poo~Pourri for which Poo~Pourri has no adequate remedy at law for relief from Defendant's wrongful conduct. Accordingly, Poo~Pourri is entitled to damages and injunctive relief.

## COUNT TWO
## UNFAIR COMPETITION UNDER THE LANHAM ACT

20. Poo~Pourri re-alleges and incorporates by reference all of the foregoing allegations. Defendant's conduct described above constitutes federal unfair competition under the LANHAM ACT, 15 U.S.C. §1125(a)(1).

21. Defendant's actions have been with full knowledge of Poo~Pourri's rights and with the intent to trade on Poo~Pourri's goodwill, thus making this an exceptional case under 15 U.S.C. §1117(a).

22. Further, the activities of Defendant are intended to, and are likely to, lead the public to conclude, incorrectly, that Defendant is associated, affiliated with or sponsored by

Poo~Pourri, to the damage and harm of Poo~Pourri. Defendant's activities constitute deliberate infringement of the Marks in violation of the LANHAM TRADEMARK ACT, including, but not limited to, 15 U.S.C. §§ 1114(1) & 1125(a), entitling Poo~Pourri to damages.

23. As a result of Defendant's activities, Defendant has caused and will continue to cause irreparable harm to Poo~Pourri for which Poo~Pourri has no adequate remedy at law for relief from Defendant's wrongful conduct. Accordingly, Poo~Pourri is entitled to damages and injunctive relief.

## COUNT THREE
### DILUTION UNDER TEXAS BUSINESS & COMMERCE CODE §16.29

24. Poo~Pourri re-alleges and incorporates by reference all of the preceding facts and allegations. Defendant's conduct described above is likely to dilute the distinctiveness of Poo~Pourri's Marks. Defendant has profited through the dilution of Poo~Pourri's distinctive Marks.

25. The activities of Defendant has caused and will continue to cause irreparable harm to Poo~Pourri for which Poo~Pourri has no adequate remedy at law for relief from Defendant's wrongful conduct. Accordingly, Poo~Pourri is entitled to damages, including Defendant's trebled profits from the sale of its Poopee Chic line of products, and injunctive relief.

## COUNT FOUR
### COMMON LAW UNFAIR COMPETITION

26. Poo~Pourri re-alleges and incorporates by reference all of the preceding facts and allegations. Defendant's actions described above constitute unfair competition under Texas common law.

27. As a result of Defendant's wrongful conduct, Poo~Pourri is entitled to injunctive relief and damages to be proven at trial.

## REMEDIES INCLUDING INJUNCTIVE RELEIF

28. Poo~Pourri re-alleges all of the foregoing facts and allegations.

29. Poo~Pourri is entitled to monetary relief, including, (1) Defendant's profits, (2) trebled damages sustained by Poo~Pourri, , and (3) the cost of this action. *See* 15 U.S.C. § 1117; TEX. BUS. & COM. CODE § 16.104.

30. Poo~Pourri also is entitled to injunctive relief under federal and state law. *See* 15 U.S.C. § 1116; TEX. BUS. & COM. CODE § 16.103(b). More specifically, Poo~Pourri is entitled to a preliminary injunction and permanent injunction against Defendant and its officers, agents, representatives and any person or entity acting on their behalf or at their direction from: using the Poo~Pourri Marks or marks confusingly similar to Poo~Pourri's Marks , including but not limited to the marks POOPEE CHIC, CARIPOO, LOVE AT FIRST POO, POOPAWAY, STINKY POO, THAT POOP STUFF, and POOPING BAD, the tagline SPRAY IN THE BOWL BEFORE YOU GO . . ., and the term POO in its product names, domain names, on its product labels or in its advertising.

## ATTORNEYS' FEES

31. Poo~Pourri is entitled to an award of attorneys' fees under 15 U.S.C. § 1117(a) and TEXAS BUSINESS & COMMERCE CODE § 16.104.

## JURY DEMAND

32. Poo~Pourri requests a trial by jury of all claims.

## **PRAYER FOR RELIEF**

WHEREFORE, Poo~Pourri prays that it have judgment against Defendant for the following:

(1) A decree that Defendant has infringed the Poo~Pourri Marks;

(2) A decree that Defendant's use of complained-of trademarks constitute unfair competition under federal and common law;

(3) A decree that the Poo~Pourri Marks have been, or will be, diluted by the Defendant's actions;

(5) A preliminary injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, subsidiaries, agents, servants, and employees, and those in association with them, from using any mark confusingly similar to the Poo~Pourri Marks in conjunction with toilet or bathroom deodorizers or other similar products, or using of the term POO in its product names, domain names, on its product labels or in its advertising;

(6) A permanent injunction enjoining Defendant and its agents, servants, employees, affiliates, divisions, subsidiaries, agents, servants, and employees, and those in association with them from using any mark confusingly similar to the Poo~Pourri Marks in conjunction with toilet or bathroom deodorizers or other similar products, or using of the term POO in its product names, domain names, on its product labels or in its advertising;

(7) An award of damages as requested in each Count above;

(8) An award of exemplary damages;

(9) An award of all costs of this action, including attorneys' fees and interest; and

(10) Such other and further relief, at law or in equity, to which Poo~Pourri may be justly entitled.

DATE: October 20, 2016               Respectfully submitted,

/s/ *Christopher J. Schwegmann*
Christopher J. Schwegmann
cschwegmann@lynnllp.com
Texas Bar No. 24051315
Mallory Biblo
mbiblo@lynnllp.com
Texas Bar No. 24087165
**LYNN PINKER COX & HURST, LLP**
2100 Ross Avenue, Suite 2700
Dallas, Texas 75201
(214) 981-3800 Telephone
(214) 981-3839 Facsimile

- And –

/s/ *Molly Buck Richard*
Molly Buck Richard
Texas Bar No. 16842800
molly@richardlawgroup.com
David J. Diamond
Texas Bar No. 24074134
david@richardlawgroup.com
**RICHARD LAW GROUP, INC.**
8411 Preston Road, Suite 890
Dallas, Texas 75225
(214) 206-4300 Telephone
(214) 206-4330 Facsimile


**ATTORNEYS FOR PLAINTIFF
SCENTSIBLE, LLC d/b/a POO~POURRI**